IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CLEVELAND SCHOOL DISTRICT**                                        **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO: 4:20cv15-DMB-RP**

**ARGONAUT GREAT CENTRAL**
**INSURANCE COMPANY, et al.**                                      **DEFENDANTS**

**ORDER GRANTING MOTION TO EXTEND**
**CASE MANAGEMENT ORDER DEADLINES**

Defendant The Travelers Indemnity Company ("Travelers") seeks to extend the expert designation deadline, as well as the discovery and dispositive motion deadlines. Docket 78. The other defendants have joined in the motion. Plaintiff opposes the motion, arguing Travelers has not established the requisite good cause to extend the current deadlines.

Federal Rule of Civil Procedure 16(b)(4) dictates that a Case Management Order "may be modified for good cause and with the judge's consent." "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of AL, NA*, 315 F.3d 533, 535 (5th Cir. 2003). When determining whether to amend the deadlines established by the Case Management Order, the court is guided by the following four factors: "(1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment, (3 the potential prejudice in allowing the amendment, and (4) the availability of the continuance to cure such prejudice." *Leza v. City of Laredo*, 496 Fed. Appx. 375, 376 (5th Cir. 2012).

The court finds Travelers' explanation for the necessity of a continuance reasonable. Over 17,00 pages in documents have been produced in this case. Given that Plaintiff had time to prepare its case even before litigation was initiated, the defendants' need for additional time to

designate experts and complete discovery on a scale this large is understandable. Defendants have not been dilatory during the pendency of this litigation. Instead, it appears that Defendants have responded to multiple sets of discovery and have actively participated in the litigation despite the current pandemic.

As to the importance of the amendment, the primary deadline at issue is Defendants' expert designation deadline. The claims and defenses in this case will necessarily rely heavily on the opinions of expert witnesses regarding the occurrences, causes, extent, and timing of damage caused to the plaintiff's property. This factor weighs in favor of the requested amendment.

As to potential prejudice, Plaintiff would certainly be prejudiced if the requested extensions were to impair Plaintiff's ability to conduct adequate discovery of Defendants' experts and to prepare motions challenging those experts in advance of trial, but a continuance to cure such prejudice has already been made available by the presiding district judge. The court concludes good cause has been established to amend the scheduling order.

Therefore, the Motion to Extend Case Management Order Deadlines is GRANTED. The remaining deadlines are extended as follows:

Defendants' expert designation deadline: November 24, 2020;

Discovery deadline: February 9, 2021; and

Dispositive Motions: March 23, 2021.

This, the 9th day of October, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE